UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DUSTIN EVERETTE HANEY                                    CIVIL ACTION

VERSUS                                                   NO. 19-10620

CARL TRACY SCHWAB ET AL.                                 SECTION "A" (2)

## REPORT AND RECOMMENDATION

Plaintiff, Dustin Everette Haney, is a prisoner currently incarcerated in Elayn Hunt Correctional Center in St. Gabriel, Louisiana. He filed this complaint pro se and in forma pauperis pursuant to 42 U.S.C. § 1983 ("Section 1983") against Carl Tracy Schwab; Anthony P. Champagne; Ivan J. Thompson; District Attorney Joseph L. Waitz, Jr.; Assistant District Attorney Dennis J. Elfert; Judge John R. Walker; Robert J. Pastor; Yolanda Cezar; the Louisiana Attorney Disciplinary Board ("LADB"); the Louisiana State Bar Association ("LSBA"); Detectives Robert Lottinger, Keith Craft, Jared Matherne, Andy Scott and Joe Lodrigue; Officer Chad Cunningham; and Houma Chief of Police Dana Coleman.

Haney alleges generally that he wrongfully was arrested and charged with attempted second-degree murder and "trying to sell. . . crystal methamphetamines." Record Doc. No. 1 at ¶ IV, pp. 7–20. Specifically, he alleges that he was denied constitutional and civil rights in his Terrebonne Parish criminal proceedings, including being subjected to misconduct by the officers, detectives, prosecutors, public defenders and judge involved in his case; and receiving ineffective assistance of counsel from his public defenders. Haney further alleges lack of sufficient communication from the LSBA, LADB and Cezar, screening counsel for the Office of Disciplinary Counsel, as to the dismissal of a written disciplinary complaint he

filed against Schwab, one of his public defenders, for alleged malpractice, bribery and blackmail. Id. at ¶ IV, pp. 12, 15. Haney seeks dismissal of his criminal charges, monetary damages and reimbursement from defendants for this lawsuit's filing fee. Id. at ¶ V, p. 20.

## ANALYSIS

### I.    STANDARDS OF REVIEW

A prisoner's pro se complaint for alleged civil rights violations must be screened by the court as soon as practicable after docketing, regardless whether it has also been filed in forma pauperis. 28 U.S.C. § 1915A(a); Lewis v. Estes, 242 F.3d 375, 2000 WL 1673382, at *1 (8th Cir. 2006); Shakur v. Selsky, 391 F.3d 106, 112 (2d Cir. 2004); Martin v. Scott, 156 F.3d 578, 579–80 (5th Cir. 1998). Such complaints by prisoners must be dismissed upon review if they are frivolous, fail to state a claim upon which relief can be granted or seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); Shakur, 391 F.3d at 113; Carr v. Dvorin, 171 F.3d 115, 116 (2d Cir. 1999).

"A federal court may dismiss a claim in forma pauperis 'if satisfied that the action is frivolous or malicious.'" Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994) (quoting former 28 U.S.C. § 1915(d), now incorporated in 28 U.S.C. § 1915(e), as amended). A complaint is frivolous "if it lacks an arguable basis in law or fact." Davis v. Scott, 157 F.3d 1003, 1005 (5th Cir. 1998); Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). The law "'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'" Macias

v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

"'A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist.'" Davis, 157 F.3d at 1005 (quoting McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir. 1997)). "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal under Rule 12(b)(6) is appropriate; however, dismissal under the section 1915(d) standard is not." Moore, 976 F.2d at 269. A prisoner's in forma pauperis complaint which fails to state a claim may be dismissed sua sponte at any time under 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1).

Plaintiff's complaint asserts claims against several defendants who are immune from prosecution and several defendants who are not state actors. In addition, the claims in his complaint are legally frivolous and fail to state a claim even under the broadest reading[1] because they are barred by applicable United States Supreme Court precedent. Accordingly, plaintiff's complaint must be dismissed under 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1), as legally frivolous, for failure to state a claim on which relief can be granted and/or for seeking monetary relief against defendants who are immune from such relief.

--------

[1]The court must "liberally construe briefs of pro se litigants and apply less stringent standards to parties proceeding pro se than to parties represented by counsel," Smith v. Lonestar Constr., Inc., 452 F. App'x 475, 476 (5th Cir. 2011), cert. denied, 132 S. Ct. 1746 (2012) (quotation omitted); Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994), and I have done so in this case.

II.    PLAINTIFF'S CLAIMS

A.    Judicial Immunity

Plaintiff's claims against Terrebonne Parish District Judge John R. Walker are barred by judicial immunity. For more than one hundred years, judges have been held immune from liability for judicial acts done within their jurisdiction. Stump v. Sparkman, 435 U.S. 349, 356 (1978) (citing Bradley v. Fisher, 80 U.S. 335 (1871)); Mays v. Sudderth, 97 F.3d 107, 110 (5th Cir. 1996). "A judge, of whatever status in the judicial hierarchy, is immune from suit for damages resulting from any acts performed in [his] judicial role." Ammons v. Baldwin, 705 F.2d 1445, 1447 (5th Cir. 1983) (citations omitted); accord Mays, 97 F.3d at 110–11. This judicial immunity applies even if a judge is accused of acting maliciously or corruptly. Stump, 435 U.S. at 356–57; Pierson v. Ray, 386 U.S. 547, 554 (1967), overruled in part on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982), as recognized by Hill v. Shelander, 992 F.2d 714, 716 (7th Cir. 1993); Mays, 97 F.3d at 110–11. Judicial officers are absolutely immune from liability for damages unless they are without jurisdiction. Id. at 111; Dayse v. Schuldt, 894 F.2d 170, 172 (5th Cir. 1990); Freeze v. Griffith, 849 F.2d 172, 175 (5th Cir. 1988).

In the past, judicial officers did not enjoy absolute immunity from suits seeking injunctive relief. Relief of that nature was available under Section 1983 against state court judges acting in their judicial capacity. Pulliam v. Allen, 466 U.S. 522, 541–42 (1984). However, the Federal Courts Improvement Act of 1996 ("FCIA") amended Section 1983 to provide that "in any action brought against a judicial officer for an act or omission taken in

4

such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief is unavailable." 42 U.S.C. § 1983.

The FCIA therefore statutorily overruled Pulliam's holding regarding the availability of injunctive relief against a state judge in his official capacity. Guerin v. Higgins, 2001 WL 363486, at *1 (2d Cir. 2001); Nollet v. Justices, 83 F. Supp. 2d 204, 210 (D. Mass. 2000); see also Bolin v. Story, 225 F.3d 1234, 1242 (11th Cir. 2000) (1996 amendment to Section 1983 limits the relief available against a federal judge to declaratory relief). Thus, neither injunctive relief nor damages are available in this Section 1983 action against this defendant. Tesmer v. Granholm, 114 F. Supp. 2d 603, 618 (E.D. Mich. 2000); Nollet, 83 F. Supp. 2d at 210.

Furthermore, to whatever extent, if any, that Haney seeks an order of this court directing the judge to take action concerning his state court criminal proceedings, a federal court has no power to direct a state court or its judicial officers in the performance of their duties when mandamus is the only relief sought. In re Campbell, 264 F.3d 730, 731 (7th Cir. 2001); Santee v. Quinlan, C.A. No. 96-3417, Record Doc. Nos. 3, 7, 8 (Nov. 5 & 27, 1996) (Duval, J.), aff'd, 115 F.3d 355, 356–57 (5th Cir. 1997); Russell v. Knight, 488 F.2d 96, 97 (5th Cir. 1973); Moye v. Clerk, 474 F.2d 1275, 1276 (5th Cir. 1973); Lamar v. 118th Judicial Dist. Court, 440 F.2d 383, 384 (5th Cir. 1971); White v. Stricklin, 2002 WL 1125747, at *2 (N.D. Tex. May 23, 2002); Norman v. Louisiana S. Ct., 2001 WL 881298, at *1 (E.D. La. Aug. 3, 2001). This court is without authority to order officials of the state court in which

plaintiff's criminal case is pending to treat his claims in any particular way or to otherwise interfere with the rulings of its judges.

Haney's claims against Judge Walker concern actions that are exclusively within the scope of the judge's role as a judicial officer and therefore within his jurisdiction. Consequently, the doctrine of absolute judicial immunity bars plaintiff's suit against Judge Walker. For these reasons, all of Haney's claims against this defendant must be dismissed because this defendant is immune. 28 U.S.C. § 1915(e)(2); 42 U.S.C. § 1997e(c)(1).

B.    Prosecutorial & Quasi-Prosecutorial Immunity

Terrebonne Parish District Attorney Joseph L. Waitz, Jr. and Assistant District Attorney Dennis J. Elfert have been named as defendants in this case based solely upon their actions as prosecutors in connection with state court criminal proceedings against Haney. Yolanda Cezar has been named as a defendant in this matter based solely upon her actions in reviewing and dismissing Haney's written disciplinary complaint against one of his public defenders in her capacity as screening counsel for the Office of Disciplinary Counsel, which performs the prosecutorial functions of the LADB. La. S. Ct. R. XIX § 4(B)(1), (2)

Courts employ a "functional" test to determine whether officials are entitled to absolute immunity, in which they look to the "nature of the function performed, not the identity of the actor who performed it." Forrester v. White, 484 U.S. 219, 227–29 (1988); accord Hill v. City of Seven Points, 2002 WL 243261, at *10 (5th Cir. 2002); Hulsey v. Owens, 63 F.3d 354, 356 (5th Cir. 1995).

It is well established that prosecutors are immune from liability under Section 1983 for actions taken as an advocate in pursuit of a criminal prosecution. Cleavinger v. Saxner, 474 U.S. 193, 200 (1985); Quinn v. Roach, 326 Fed. App'x 280, 292 (5th Cir. 2009); Hill, 2002 WL 243261, at *10. This immunity applies to a prosecutor's actions in "initiating prosecution and carrying [a] criminal case through the judicial process." Id. (quotation omitted); accord Buckley v. Fitzsimmons, 509 U.S. 259, 270, 272 (1993); Quinn, 326 Fed. App'x at 292.

Thus, "[a] prosecutor enjoys absolute immunity from personal liability for damages under section 1983 for actions 'initiating a prosecution and . . . presenting the State's case' and those 'intimately associated with the judicial phase of the criminal process.'" Esteves v. Brock, 106 F.3d 674, 676 (5th Cir. 1997) (quoting Imbler v. Pachtman, 424 U.S. 409, 430–31 (1976)); accord Quinn, 326 Fed. App'x at 292; Hill, 2002 WL 243261, at *10. "A prosecutor's absolute immunity will not be stripped because of action that was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." Kerr v. Lyford, 171 F.3d 330, 337 & n.10 (5th Cir. 1999), abrogated in part on other grounds by Castellano v. Fragozo, 352 F.3d 939 (5th Cir. 2003) (quotation omitted); accord Champluvier v. Couch, 309 Fed. App'x 902, 903 (5th Cir. 2009); Hill, 2002 WL 243261, at *10.

In addition, the Fifth Circuit has held that deputy counsel for the LADB, such as Cezar, are "quasi-prosecutors" because their job functions of investigating disciplinary complaints, and filing and prosecuting disciplinary charges, are akin to that of a prosecutor

deciding whether to file and pursue charges in a criminal case. <u>Forman v. Ours</u>, 996 F.2d 306 (5th Cir. 1993). Deputy disciplinary counsel are entitled to absolute immunity from damages lawsuits when engaging in their quasi-judicial activities. <u>Id</u>.

In the instant case, the actions of the district attorney and his assistant concerning criminal charges against Haney in Terrebonne Parish form the exclusive basis of plaintiff's claims against them. Their actions in initiating and pursuing the prosecution of Haney fall well within the ambit of the judicial phase of the criminal process for which prosecutors are immune from damages liability. Similarly, the actions of Cezar concerning the screening and dismissal of Haney's disciplinary complaint form the exclusive basis of plaintiff's claims against her. Cezar's actions fall well within the ambit of the quasi-judicial phase of the disciplinary process for which deputy disciplinary counsel are immune from damages liability. Therefore, plaintiff's claims for monetary relief against Waitz, Elfert and Cezar must be dismissed because these defendants are immune from such relief. 28 U.S.C. § 1915(e)(2); 42 U.S.C. § 1997e(c)(1).

While prosecutors and quasi-prosecutors enjoy absolute immunity from damages liability, they are not immune from Section 1983 suits seeking injunctive relief. <u>Supreme Ct. v. Consumers Union of U.S., Inc.</u>, 446 U.S. 719, 736–37 (1980) (citing <u>Gerstein v. Pugh</u>, 420 U.S. 103 (1975)). To the extent Haney seeks injunctive relief, the prosecutors and quasi-prosecutor are not immune. However, as discussed below, plaintiff's injunctive relief claims against the district attorney and his assistant are subject to dismissal with prejudice as legally frivolous, for failure to state a claim for which relief can be granted, and/or pursuant to <u>Heck</u>

8

v. Humphrey, 512 U.S. 477 (1994). 28 U.S.C. § 1915(e)(2); 42 U.S.C. § 1997e(c)(1). Haney's injunctive relief claims against Cezar are subject to dismissal as legally frivolous, for failure to state a claim for which relief can be granted and/or under the Rooker-Feldman doctrine, as discussed below. Id.

  C. Eleventh Amendment Immunity

  Construed broadly, plaintiff seeks monetary and/or injunctive relief from the LSBA and LADB, based on the Office of Disciplinary Counsel's dismissal of his written disciplinary complaint and lack of sufficient communication from these defendants. The State of Louisiana is immune from suit in federal court under the Eleventh Amendment to the United States Constitution. Sovereign immunity under the Eleventh Amendment bars actions in federal court against a state or state agency unless the state has consented to be sued. U.S. Const. amend. XI; Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984); Alabama v. Pugh, 438 U.S. 781, 782 (1978); Voisin's Oyster House, Inc. v. Guidry, 799 F.2d 183, 185–86 (5th Cir. 1986). Generally, the State of Louisiana has not waived its immunity or consented to the exercise of federal judicial power in actions against it. La. Rev. Stat. § 13:5106(A) ("No suit against the state or a state agency or political subdivision shall be instituted in any court other than a Louisiana state court."); Delahoussaye v. City of New Iberia, 937 F.2d 144, 147 (5th Cir. 1991); Citrano v. Allen Corr. Ctr., 891 F. Supp. 312, 320 (W.D. La. 1995). Thus, in each unsanctioned instance of federal suit, the state or its agency must affirmatively waive its Eleventh Amendment immunity. Port Auth. Trans-Hudson Corp. v. Feeney, 495 U.S. 299, 305 (1990); Stem v. Ahearn, 908 F.2d 1, 4 (5th Cir. 1990).

The LSBA and LADB were created by the Louisiana Constitution and the Rules of the Louisiana Supreme Court. La. Const. art. V, § 5(A) and (B); La. S. Ct. R. XIX, § 2. The Louisiana Supreme Court oversees the operation of the LADB and hears appeals from its decisions. La. S. Ct. R. XIX. The Fifth Circuit has long recognized that the LSBA and LADB are arms of the state and are entitled to invoke Eleventh Amendment immunity to lawsuits for monetary damages in federal court. Riley v. Louisiana State Bar Ass'n., 2006 WL 1560807, at *2 (E.D. La. May 23, 2006), aff'd sub nom. Riley v. Louisiana State Bar Ass'n, 214 F. App'x 456 (5th Cir. 2007); Zohdy v. Platsmier, 192 F. App'x 313 (5th Cir. 2006); Forman v. Ours, 804 F. Supp. 864, 868 (E.D. La. 1992), aff'd, 996 F.2d 306 (5th Cir. 1993); Lewis v. Louisiana State Bar Ass'n, 792 F.2d 493, 497–98 (5th Cir. 1986). Thus, Haney's claims for monetary relief from the LSBA and LADB must be dismissed because these defendants are entitled to Eleventh Amendment immunity from such relief. 28 U.S.C. § 1915(e)(2); 42 U.S.C. § 1997e(c)(1).

However, the Louisiana Supreme Court and its agents are not immune from suits for injunctive relief when acting in their enforcement capacities. LeClerc v. Webb, 419 F.3d 405, 414 (5th Cir. 2005); Atkins v. Louisiana Attorney Disciplinary Bd., 2010 WL 420558, at *2 (E.D. La. Jan. 29, 2010). To the extent Haney seeks injunctive relief from the LSBA and LADB, these defendants are not immune. However, as discussed below, these claims are subject to dismissal under the Rooker-Feldman doctrine.

D.    <u>Public Defenders Are Not State Actors</u>

Defendants Robert J. Pastor, Carl Tracy Schwab and Ivan J. Thompson are public defenders who allegedly represented plaintiff in his state court criminal proceedings. Defendant Anthony P. Champagne is the chief public defender for Terrebonne Parish. They have been named as defendants based solely upon their alleged misconduct and ineffective assistance and/or supervision of counsel in connection with Haney's state court criminal proceedings.

To be successful under Section 1983, a plaintiff must establish that a defendant has acted under color of state law in violating his rights. <u>Daniels v. Williams</u>, 474 U.S. 327 (1986). To state a claim under Section 1983, a plaintiff must show (1) deprivation of a right, privilege or immunity secured by the federal laws or Constitution (2) <u>by one acting under color of state law</u>. <u>James v. Texas Collin County</u>, 535 F.3d 365, 373 (5th Cir. 2008); <u>Calhoun v. Hargrove</u>, 312 F.3d 730, 734 (5th Cir. 2002); <u>Mississippi Women's Med. Clinic v. McMillan</u>, 866 F.2d 788, 791 (5th Cir. 1989). Thus, plaintiff must show that the actions of Champagne, Pastor, Schwab and Thompson are "fairly attributable to the state." <u>West v. Atkins</u>, 487 U.S. 42, 49 (1988); <u>accord</u> <u>Johnson ex rel. Wilson v. Dowd</u>, 305 Fed. App'x 221, 224 (5th Cir. 2008); <u>Cornish v. Correctional Servs. Corp.</u>, 402 F.3d 545, 549 (5th Cir. 2005).

The law is clear that under no circumstances can attorneys, whether privately retained or publicly appointed, be considered state actors as a matter of law. <u>Polk County v. Dodson</u>, 454 U.S. 312, 325 (1981); <u>Small v. Dallas County</u>, 170 Fed. App'x 943, 944 (5th Cir. 2006) (citing <u>Hudson v. Hughes</u>, 98 F.3d 868, 873 (5th Cir. 1996); <u>Mills v. Criminal Dist. Ct. No.

3, 837 F.2d 677, 679 (5th Cir. 1988)). Because these defendants are <u>not</u> state actors, plaintiff's Section 1983 claims against them have no basis in federal law, and they must be dismissed as legally frivolous and/or for failure to state a claim for which relief can be granted. 28 U.S.C. § 1915(e)(2); 42 U.S.C. § 1997e(c)(1).

     E.    <u>No Jurisdiction over State Disciplinary Proceedings</u>

Broadly construed, Haney asserts claims for injunctive relief against the LSBA, LADB, Schwab and Cezar, arising out of the Office of Disciplinary Counsel's dismissal of Haney's disciplinary complaint against Schwab for alleged malpractice, bribery and blackmail.

Under the <u>Rooker</u>-<u>Feldman</u> doctrine, federal district courts lack jurisdiction to entertain collateral attacks on state court judgments. <u>Liedtke v. State Bar of Texas</u>, 18 F.3d 315, 317 (5th Cir.1994) (citing <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413 (1923); <u>District of Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462 (1983). Constitutional questions arising in state proceedings are to be resolved by the state courts. <u>Liedtke</u>, 18 F.3d at 317. Any alleged constitutional error in the state court judgment is to be reviewed and corrected by the appropriate state appellate court. <u>Id</u>. Thereafter, recourse at the federal level is limited solely to an application for a writ of certiorari to the United States Supreme Court. <u>Id</u>.

Haney "'cannot circumvent this jurisdictional limitation by asserting claims not raised in the state court proceedings or claims framed as original claims for relief.' Similarly, a federal complainant cannot re-litigate issues that should have been raised in state court . . . by casting a complaint as a civil rights violation." <u>Fuller v. McKeeman</u>, 2007 WL 1731140,

at *2 (W.D. Tex. June 13, 2007), aff'd, 249 Fed. App'x 987 (5th Cir. 2007), cert. denied, 553 U.S. 1082 (2008) (quoting United States v. Shepherd, 23 F.3d 923, 924 (5th Cir. 1994)) (citing Feldman, 460 U.S. at 462; Rooker, 263 U.S. at 415; Liedtke, 18 F.3d at 317 (5th Cir. 1994)); accord Riley, 214 Fed. App'x 456, 458 (5th Cir. 2007).

"In general, federal courts lack jurisdiction to review state-court disciplinary proceedings. If not satisfied with resolution of a complaint filed with [the Office of Disciplinary Counsel, plaintiff] had the option to appeal to" a hearing committee of the Louisiana Supreme Court, as discussed below. Fuller, 249 Fed. App'x at 987–88 (citing District of Columbia Ct. of App. v. Feldman, 460 U.S. 462, 476 (1983); Howell v. State Bar, 710 F.2d 1075, 1076 (5th Cir. 1983)).

To the extent that plaintiff seeks disbarment of Schwab from the practice of law in the Louisiana state courts, that claim must be brought before the Louisiana Supreme Court, which "has exclusive original jurisdiction of disciplinary proceedings against a member of the bar." La. Const. art. V, § 5(B). "Under that jurisdiction and its inherent judicial power, the supreme court has exclusive authority to regulate the practice of law." Jarrell v. Miller, 882 So. 2d 639, 649 (La. App. 2d Cir. 2004) (Caraway, J., concurring) (citing La. Const. art. V, § 5(B); O'Rourke v. Cairns, 683 So. 2d 697 (La. 1996)). Only the Louisiana Supreme Court has the authority to order the disbarment of an attorney from the practice of law in the state courts of Louisiana.

Pursuant to its "exclusive authority to regulate the practice of law," Jarrell, 882 So. 2d at 649, the Louisiana Supreme Court adopted Rule XIX regarding lawyer disciplinary

enforcement. Supreme Court Rule XIX created a statewide agency, the LADB, to administer the lawyer discipline system. La. S. Ct. R. XIX § 2(A). "Thus, the handling of complaints concerning attorneys is a quasi-judicial function under the original and exclusive jurisdiction of the Louisiana Supreme Court." Alston v. Stamps, 877 So. 2d 259, 263 (La. App. 2d Cir. 2004) (citing Louisiana State Bar Ass'n v. Chatelain, 513 So. 2d 1178 (La. 1987); Herbert v. Regan, 522 So. 2d 1157 (La. App. 4th Cir. 1988)).

The Office of Disciplinary Counsel and its employees perform the prosecutorial functions of the LADB, including screening and investigating all information coming to the attention of the LADB that, if true, would be grounds for disciplining an attorney. La. S. Ct. R. XIX § 4(B)(1), (2). "If the information, if true, would not constitute misconduct . . . , the matter shall be dismissed." Id. § 11(A). According to Haney's complaint in this court, his written disciplinary complaint against Schwab was dismissed at the screening stage because "the actions reported of were not unprofessional, not negligent, and did not show anything more than 'mere malpractice.'" Record Doc. No. 1 at p. 15 (emphasis in original). Haney obviously received notice of the dismissal, as he quotes from it in his complaint. Id.

Under Rule XIX, Haney could appeal the dismissal of his disciplinary complaint to a hearing committee of the LADB.

> The complainant shall be notified of the disposition of a matter following investigation and of his or her right to file a written request for review of disciplinary counsel's dismissal within thirty days of receipt of notice of disposition . . . . Disciplinary counsel's dismissal shall be reviewed by a hearing committee . . . upon the complainant's request for review. The hearing committee may approve, modify or disapprove the appealed dismissal or direct that the matter be investigated further.

14

Id. § 11(B)(3). Haney does not state that he appealed the dismissal of his complaint to a hearing committee of the Board, but does state that "he was dissatisfied with the response of Ms. Cezar, so he wrote a complaint to her Boss yet has never received a response nor acknowledgment of receipt." Record Doc. No. 1 at p. 15. Because this federal court lacks jurisdiction to review Haney's state-court disciplinary proceedings, his claims for injunctive relief against the LSBA, LADB, Schwab and Cezar, are subject to dismissal as frivolous and/or for failure to state a claim for which relief can be granted. 28 U.S.C. § 1915(e)(2); 42 U.S.C. § 1997e(c)(1).

     F.     <u>Heck Bars Plaintiff's Claims Concerning His State Court Criminal Proceedings</u>

As to all defendants, including those addressed above, Haney asserts numerous alleged constitutional deficiencies in his state court criminal proceedings. His complaint, filed on May 21, 2019, states that his criminal charges that form the exclusive basis of this lawsuit are still pending. Record Doc. No. 1 at ¶ III, p. 3. Independent research by staff of this court of the public case records for plaintiff's criminal charges in the 32nd Judicial District Court for the Parish of Terrebonne establishes that plaintiff was originally charged with attempted second-degree murder and attempted distribution or dispensing of a schedule II controlled dangerous substance or analogue. Record Doc. No. 8. On July 16, 2019, Assistant District Attorney Elfert amended the drug-related charge to possession with intent to distribute a schedule II controlled dangerous substance. <u>Id</u>. Haney pled guilty to the amended charge on that same date and was sentenced to twelve (12) years in prison at hard labor with credit for time served. <u>Id</u>. On that same date and pursuant to the prosecutor's

motion, the court ordered that a nolle prosequi be entered as to the attempted second-degree

murder charge. Id. Staff of this court contacted the Office of the Clerk of Court of the

Louisiana First Circuit Court of Appeal and determined that as of November 5, 2019, Haney

had not filed an appeal of his single state court criminal charge.

Regardless whether he seeks injunctive relief or damages under Section 1983 for these

criminal proceedings, plaintiff's claims must be dismissed at this time under Heck v.

Humphrey, 512 U.S. 477 (1994). In Heck, the Supreme Court held that a civil action for

alleged civil rights violations that attacks the validity of state criminal charges or

confinement, which have not been reversed, expunged, invalidated or called into question

by a federal court's issuance of a writ of habeas corpus, is not cognizable under Section

1983.

> [T]o recover damages for allegedly unconstitutional conviction or
> imprisonment, or for other harm caused by actions whose unlawfulness would
> render a conviction or sentence invalid, a § 1983 plaintiff must prove that the
> conviction or sentence has been reversed on direct appeal, expunged by
> executive order, declared invalid by a state tribunal authorized to make such
> determination, or called into question by a federal court's issuance of a writ of
> habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that
> relationship to a conviction or sentence that has not been so invalidated is not
> cognizable under § 1983. Thus, when a state prisoner seeks damages in a §
> 1983 suit, the district court must consider whether a judgment in favor of the
> plaintiff would necessarily imply the invalidity of his conviction or sentence;
> if it would, the complaint must be dismissed unless the plaintiff can
> demonstrate that the conviction or sentence has already been invalidated.

Id. at 486–87 (emphasis in original) (footnote omitted). Although the Supreme Court's

decision in Heck concerned a civil action for monetary damages, the United States Court of

Appeals for the Fifth Circuit has also applied Heck in cases in which the plaintiff seeks

16

injunctive relief. <u>Clarke v. Stalder</u>, 154 F.3d 186, 189 (5th Cir. 1998) (en banc) (citing <u>Edwards v. Balisok</u>, 520 U.S. 641, (1997)).

Plaintiff's Section 1983 claims in the instant case necessarily imply the invalidity of the state court criminal charges against him under <u>Heck</u>. However, the State <u>declined to prosecute</u> the second-degree murder charge, and plaintiff's conviction and sentence for the drug-related charge has <u>not</u> been set aside in any of the ways described in <u>Heck</u>. Thus, any claims of constitutional violation of Section 1983 are premature and must be dismissed, until such time that Haney's criminal conviction is set aside. As the Fifth Circuit has noted, the dismissal of these claims is with prejudice to their being asserted again until the <u>Heck</u> conditions are met. <u>Johnson</u>, 101 F.3d at 424.

## **<u>RECOMMENDATION</u>**

For all of the foregoing reasons, **IT IS RECOMMENDED** that plaintiff's Section 1983 complaint be **DISMISSED WITH PREJUDICE** for seeking monetary relief against defendants who are immune from such relief, as legally frivolous and/or for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1); pursuant to the <u>Rooker</u>-<u>Feldman</u> doctrine; and/or pursuant to <u>Heck</u>.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such

consequences will result from a failure to object. <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[2]

New Orleans, Louisiana, this _____5th_____ day of November, 2019.

_____
JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[2]<u>Douglass</u> referred to the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen (14) days.